𝓡𝓒

**JACQUES JACKSON,**

**Plaintiff,**

v.

**Case No.: 1:26-cv-01605**
**Judge Thomas M. Durkin**
**Magistrate Judge Jeannice W. Appenteng**
**RANDOM: Cv Cat 2**

**CITY OF DANVILLE,**
**VERMILLION COUNTY ANIMAL CONTROL DEPARTMENT,**
**N. BOWMAN, Police Officer, Danville Police Department,**
**KASEY SNYDER, Employee/Agent of Vermillion County Animal Control,**
**HANNAH HUESTON, Employee/Agent of Vermillion County Animal Control,**
**Defendants.**

**Case No. _____**

**_____**

**RECEIVED**

**FEB 12 2026**

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

***(42 U.S.C. § 1983)***

**Plaintiff Jacques Jackson ("Plaintiff"), proceeding pro se, alleges as follows:**

**_____**

**I. JURISDICTION AND VENUE**

1.    This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to these claims·occurred within the Northern District of Illinois, and Defendants reside and/or conduct business in this District.

**_____**

**II. PARTIES**

4. Plaintiff Jacques Jackson is a resident of Illinois and the lawful owner of three French Bulldogs known as **GMoney, Lola, and She'Money.**

5. Defendant City of Danville is a municipal corporation organized under the laws of Illinois and is responsible for the policies, practices, and customs of its departments, including law enforcement and animal control.

6. Defendant Vermillion County Animal Control Department is a governmental entity responsible for animal control enforcement and the custody and disposition of seized animals.

7. Defendant N. Bowman was, at all relevant times, a police officer with the Danville Police Department, acting under color of state law. Defendant Bowman is sued in his **individual capacity.**

8. Defendant Kasey Snyder was, at all relevant times, an employee and/or agent of Vermillion County Animal Control Department, acting under color of state law. Defendant Snyder is sued in his **individual capacity.**

9. Defendant Hannah Hueston was, at all relevant times, an employee and/or agent of Vermillion County Animal Control Department, acting under color of state law. Defendant Hueston is sued in her **individual capacity.**

## III. FACTUAL ALLEGATIONS

10. Plaintiff was the lawful owner and breeder of three French Bulldogs: **GMoney, Lola, and She'Money.**

11. Plaintiff's dog **Lola was implanted with a registered microchip identifying Plaintiff as the lawful owner and allowing ownership to be immediately verified through a routine scan.**

12. The dogs were not abandoned, forfeited, or voluntarily surrendered by Plaintiff.

13. **On or about December 8, 2021, Defendants seized Plaintiff's dogs without a warrant, court order, or lawful justification.**

14. At the time of the seizure, Plaintiff had ownership documentation for the dogs inside his vehicle, including paperwork identifying Plaintiff as the owner.

15. Defendant N. Bowman personally observed Plaintiff's ownership documentation inside the vehicle.

16. Despite personally seeing documentation establishing Plaintiff's ownership of the dogs, Defendant Bowman prevented Plaintiff from retrieving his property from the vehicle, including the ownership paperwork.

17. Defendant Bowman's actions directly interfered with Plaintiff's ability to

immediately establish ownership and played a substantial role in Plaintiff being deprived of his dogs.

18.   As Plaintiff was being arrested, Plaintiff's brother, **Malik McGee, arrived at the scene for the purpose of retrieving Plaintiff's dogs and taking them into his care.**

19.   While Plaintiff was seated in a police vehicle, a law-enforcement officer approached Plaintiff and asked whether Plaintiff wanted his dogs to go with his brother, Malik McGee. Plaintiff expressly answered **yes.**

20.   Plaintiff was affirmatively told by law-enforcement officers that his dogs would be released to his brother, Malik McGee.

21.   Despite this agreement and representation, Defendants did not release the dogs to Plaintiff's brother and instead transferred the dogs to Vermillion County Animal Control Department.

22.   Plaintiff was not informed that he was required to produce additional ownership documentation prior to or following the seizure, nor was he informed that the dogs would be taken to a shelter.

23.   Plaintiff was subsequently held in custody at the **Vermillion County Jail. While in custody, Plaintiff made multiple telephone calls to Vermillion County Animal Control Department and/or the animal shelter in an effort to retrieve his dogs and assert his ownership.**

24.   Despite Plaintiff's repeated attempts to reclaim his dogs while incarcerated, Defendants failed to release the dogs, failed to provide meaningful information regarding their status, and failed to provide any due-process-compliant procedure for recovery.

25.   Defendants Kasey Snyder and Hannah Hueston, acting as employees and/or agents of Vermillion County Animal Control Department, participated in the intake, retention, handling, and disposition of Plaintiff's dogs.

26.   Defendants knew or reasonably should have known that ownership of **Lola could be immediately verified through a routine microchip scan.**

27.   Defendants failed to scan for, document, acknowledge, or act upon the microchip information identifying Plaintiff as the owner of Lola.

28.   Defendants knew or reasonably should have known that the dogs belonged to Plaintiff, yet acted as though ownership was unclear or disputed.

29.   Defendants failed to provide Plaintiff with:

- Adequate notice of the basis for the seizure;
- A meaningful opportunity to be heard; or
- Any pre- or post-deprivation hearing.

30. Despite Plaintiff's efforts, Defendants retained and ultimately disposed of the dogs, permanently depriving Plaintiff of his property.

31. The dogs were adopted out, transferred, or otherwise removed from Plaintiff's possession without constitutionally adequate procedures.

32. As a result, Plaintiff lost both the dogs themselves and their breeding value, including foreseeable and lawful breeding-related income.

33. Plaintiff had invested time, resources, and planning into lawful breeding activities involving the dogs.

34. Defendants' actions were carried out pursuant to policies, customs, or practices of the City of Danville and/or Vermillion County Animal Control Department, including failures to honor owner-designated custodians, ensure microchip scanning, verify ownership, respond to owner inquiries, and provide due-process-compliant procedures.

35. Defendants Bowman, Snyder, and Hueston personally participated in, authorized, or caused the unconstitutional seizure, retention, and disposition of Plaintiff's property.

## IV. CLAIMS FOR RELIEF

### COUNT I

**Violation of Procedural Due Process (Fourteenth Amendment)**
*(Against All Defendants)*

36. Plaintiff realleges paragraphs 1–35.

37. Plaintiff had a constitutionally protected property interest in his dogs.

38. Defendants deprived Plaintiff of that property without due process of law.

39. Defendants failed to provide notice and a meaningful opportunity to be heard.

40. Plaintiff suffered economic loss, emotional distress, and permanent deprivation of property.

### COUNT II

**Municipal Liability (Monell Claim)**
*(Against City of Danville)*

41. Plaintiff realleges paragraphs 1–40.

42. The constitutional violations were caused by official policies, customs, or practices of the City of Danville.

43. The City of Danville failed to adequately train and supervise law enforcement and animal control personnel regarding owner-directed release of property, ownership verification, responsiveness to owner inquiries, and due-process requirements.

44. These failures were the moving force behind Plaintiff's injuries.

---

## V. DAMAGES

45. Plaintiff seeks compensatory damages only, including:

- Fair market value of the dogs;
- Breeding-related economic losses;
- Out-of-pocket expenses;
- Emotional distress.

46. Plaintiff does not seek punitive damages against any municipal defendant.

---

## VI. DECLARATORY AND INJUNCTIVE RELIEF

47. Plaintiff seeks declaratory relief that Defendants' actions violated his constitutional rights.

48. Plaintiff seeks appropriate injunctive relief to prevent future due-process violations.

---

## VII. JURY DEMAND

49. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff;

B. Award compensatory damages in an amount to be determined at trial;

C. Grant declaratory and injunctive relief;

D. Award costs and allowable expenses;

E. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*Jacques Jackson*

Jacques Jackson

Plaintiff, Pro Se

Jacques Jackson

Plaintiff, Pro Se

/ Jacques Jackson

Jacques Jackson

Plaintiff, Pro Se

15125 Evers St

Dolton, Illinois, 60419

8729043421

JacquesJackson817@gmail.com